UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER H- CANNON: BEY | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:21-CV-00606 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, DANNY GUZMAN, | ) | |
| and OTHER UNKNOWN OFFICERS | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

When Christopher Cannon-Bey was parked and inside his car, Chicago police officer Danny Guzman approached him and asked for his driver's license and registration. R. 1, Compl. at 5.[1] Cannon-Bey gave Guzman his license and registration (if they can be called that), which were both issued by the "United States of America Republic" (USAR), rather than by a state. *Id.* Guzman then arrested Cannon-Bey for possessing false ID cards, vehicle registration, and temporary license plates. *Id.*

Cannon-Bey then brought this suit *pro se*, alleging a litany of claims against Guzman, the City of Chicago, and other unknown police officers.[2] Am. Compl. The Defendants move to dismiss, arguing that Cannon-Bey has failed to state any claims for relief. R. 76, Defs.' Mot. Because Guzman had probable cause to arrest Cannon-

---

[1] Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2] The Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and exercises supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

Bey and because Cannon-Bey fails to include factual allegations to support many of his claims, the Defendants' motion to dismiss is granted. Given that Cannon-Bey has twice amended the Complaint, the dismissal is with prejudice.

## I. Background

The Court accepts all well-pleaded factual allegations in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3] On November 24, 2020, while Christopher Cannon-Bey was parked and inside his car, Chicago police officer Danny Guzman pulled up behind Cannon-Bey and approached the car. Compl. at 2, 5. Guzman asked Cannon-Bey for his driver's license and vehicle registration. *Id.* at 5. Cannon-Bey gave Guzman a driver's "license" and "registration" paperwork that were purportedly issued by something called the United States of America Republic. *Id.* Guzman then arrested Cannon-Bey for possessing false ID cards, vehicle registration, and temporary license plates. *Id.*

Arguing that Guzman unlawfully arrested him, Cannon-Bey brought this lawsuit *pro se* against the City of Chicago, Officer Danny Guzman, and other unknown Chicago police officers. Compl. Cannon-Bey alleges a laundry list of claims, including claims under 42 U.S.C. § 1983, conspiracy claims, state law claims for abuse of process and intentional infliction of emotional distress, a religious-exercise claim under

---

[3]Although the Plaintiff has amended his Complaint twice, this Opinion cites to the original Complaint for factual allegations because the Plaintiff mistakenly omitted the relevant incidents that occurred in 2020 from his Second Amended Complaint. *See* R. 51, 03/30/2023 Order at 7–8.

2

the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1, and a claim for violating the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. *Id.* The Defendants move to dismiss the Complaint, arguing that Cannon-Bey fails to state a claim for relief. Defs.' Mot.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up).[4] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough

---

[4]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

3

to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

### A. Probable Cause

The Defendants begin by arguing that Guzman had probable cause to stop and arrest Cannon-Bey. Defs.' Mot. at 3–4. That is correct, and it is fatal to all of Cannon-Bey's false-arrest and unlawful-seizure claims.

Probable cause "exists when the facts and circumstances within the officer's knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Huff v. Reichert*, 744 F.3d 999, 1007 (7th Cir. 2014) (cleaned up). Cannon-Bey states in his Complaint that his driver's license, registration, and license plate were all issued by the "United States America Republic," not by a state. Compl. at 5. Thus, all of his identification and registration documents were issued by a fictional nation and were invalid and false. Because of this, Guzman reasonably believed that Cannon-Bey had committed multiple offenses related to driving with an invalid license, registration, and license plate. So Guzman had probable cause to arrest Cannon-Bey and to seize his vehicle and invalid documents. *See Soldal v. Cook County, Ill.*, 506 U.S. 56, 69 (1992). And because Guzman had probable cause, all of Cannon-Bey's § 1983 claims for constitutional violations fail. *See Holmes v. Vill. of Hoffman Est.*, 511 F.3d 673, 681 (7th Cir. 2007).

4

Cannon-Bey also alleges several conspiracy claims, arguing that the Defendants conspired to violate his constitutional rights. Compl. at 10–11, 14. But as the Defendants correctly point out, conspiracy is not a standalone claim. Defs.' Mot. at 4–6. And without an underlying constitutional violation as the subject of the alleged conspiratorial agreement, the conspiracy claims fail too. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 305 (7th Cir. 2011) ("[T]he absence of any underlying violation of Plaintiff's rights precludes the possibility of Plaintiff succeeding on a conspiracy claim."). Here, as explained above, the existence of probable cause defeats Cannon-Bey's constitutional claims, so that in turn also defeats his conspiracy claims. The Defendants' motion to dismiss is granted as to the § 1983 and conspiracy claims.

### C. RICO and RFRA

Next, Cannon-Bey brings a RICO claim, alleging that the Defendants engaged in racketeering. Compl. at 17–18. But he fails to provide any supporting factual allegations to support a RICO claim. To state a civil RICO claim, a plaintiff must allege facts that show that the defendants engaged in a pattern of racketeering activity. *Ryder v. Hyles*, 27 F.4th 1253, 1256 (7th Cir. 2022). Alleged civil-rights violations, like the ones that Cannon-Bey has proposed, do *not* fall within the definition of racketeering activity. *See* 18 U.S.C. § 1961(1). And Cannon-Bey does not allege that the Defendants committed bribery, extortion, wire or mail fraud, or any of the other activities that qualify as racketeering activity under the RICO statute. *Id.*; Compl. at 17–18. Instead, he merely alleges that he was unlawfully arrested and seized (which,

5

as explained above, are invalid claims anyway). So Cannon-Bey fails to allege a pattern of racketeering activity and thereby fails to state a RICO claim.

Cannon-Bey also brings a religious exercise claim under RFRA. Compl. at 16. But again, his Complaint is entirely devoid of specifics on how the Defendants violated RFRA. *Id.* Instead, the Complaint just lists the RFRA statute and then demands damages for a violation of that statute. *Id.* There is no indication of how Cannon-Bey's religious exercise was burdened by the Defendants' actions. By providing nothing more than the statute and a damages demand, Cannon-Bey also fails to state a claim under RFRA.

### D. State Law Claims

Finally, Cannon-Bey brings two state law claims against the Defendants—one for abuse of process and one for intentional infliction of emotional distress. Compl. at 12–15. But both claims fail.[5]

To state a claim for abuse of process, Cannon-Bey must allege facts adequately stating that the Defendants (1) had an ulterior purpose or motive, and (2) committed some act in the use of legal process which is not proper in the regular prosecution of the proceedings. *Withall v. Capitol Fed. Sav. of Am.*, 508 N.E. 2d 363, 368 (Ill. App. Ct. 1987). Cannon-Bey provides no allegations that meet either element of this

---

[5] Though Cannon-Bey's federal claims are dismissed, the Court exercises jurisdiction over the state law claims and resolves them because they clearly lack merit. Plus, it appears that there is diversity jurisdiction over the state law claims because the Defendants are all Illinois citizens, the Plaintiff is domiciled in Indiana, and the amount in controversy is more than $75,000. Compl. at 4, 10.

standard. Instead, he just restates the elements of an abuse of process claim without providing specific factual allegations. Compl. at 12–13. So his abuse of process claim fails.

Next, to state a claim for intentional infliction of emotional distress, Cannon-Bey must adequately allege that (1) the conduct in question was truly extreme and outrageous; (2) the Defendants either intended that their conduct inflict severe emotional distress or knew that there was at least a high probability that their conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress. *McGrath v. Fahey*, 533 N.E. 2d 806, 809 (Ill. 1988). Again, Cannon-Bey merely restates the elements of this claim without providing specific factual allegations. Compl. at 14–15. Plus, the conduct in question here was not extreme or outrageous. Guzman arrested Cannon-Bey with probable cause for driving with an invalid driver's license, registration, and license plate. Guzman's conduct was legal and appropriate given the situation and thus cannot form the basis of an intentional infliction of emotional distress claim. *See Andersen v. Vill. Of Glenview*, 2019 WL 4261186, at *6 (N.D. Ill. Sept. 9, 2019), *aff'd* 821 F. App'x 625 (7th Cir. 2020) (non-precedential disposition). So Cannon-Bey fails to state a claim for intentional infliction of emotional distress. The Defendants' motion to dismiss is granted with respect to all of Cannon-Bey's claims.

## IV. Conclusion

The Defendants' motion to dismiss, R. 76, is granted. This dismissal is with prejudice because Cannon-Bey has already had the opportunity to amend his Complaint twice. Final judgment shall be entered.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 11, 2025